# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHAWN A. HOLLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-0505-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

This action involves two applications made under the Social Security Act. The first is an application for disability benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq. The second is an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. Plaintiff's applications were denied on May 12, 2004. Thereafter, plaintiff requested an administrative hearing. On January 25, 2006, following a hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On April 21, 2006, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

> The standard for judicial review of an ALJ's denial of benefits is as follows: We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court

> finds that it is possible to draw two inconsistent positions from the
> evidence and one of those positions represents the Commissioner's
> findings, the court must affirm the commissioner's decision. . . Even if we
> would have weighed the evidence differently, we must affirm the denial of
> benefits if there is enough evidence to support the other side.

Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

Plaintiff argues first that the ALJ's credibility finding is not supported by substantial evidence on the record. Plaintiff argues that the ALJ could not make a fully informed credibility decision because he failed to fully develop the record. First, plaintiff's counsel states that a request was made at the hearing for a psychiatric consultation. This request was made after the medical expert, Dr. Karsh, testified that plaintiff's physical complaints could possibly be best explained as a somatoform disorder. However, Dr. Karsh stated that because this was a psychiatric diagnosis, he did not feel competent to rule on it. (Tr. 60). The ALJ stated that because there was no medical basis in the record for either a somatoform disorder or a conversion disorder, he found they were non-medically determinable impairments. In his decision, the ALJ stated that he had:

> carefully considered counsel's request for a consultative psychological
> evaluation on this case, but is denying such request as there is nothing in
> the medical evidence to establish a severe mental impairment for
> claimant. Moreover, although some mental health counseling has been
> recommended to him when he has alleged depressive symptoms to
> physicians, he has refused to follow up with those recommendations. . . .
> The possibility of a conversion disorder was mentioned in the record

2

> (Exhibit B-10F, page 29), but as previously discussed, claimant has
> refused any type of mental health treatment. Moreover, updated records
> show that there was no indication for inpatient psychiatric treatment for
> claimant and he was at a low risk of imminent danger to himself or others
> (Exhibit B-12F, page 44). Accordingly, and based on all of the above,
> the undersigned finds claimant's depressive symptoms not severe pursuant to
> the regulations, and he would be only mildly limited with respect to his
> activities of daily living, social functioning, and maintaining concentration,
> persistence or pace.

(Tr. 26).

Defendant argues that an ALJ is only required to order medical examinations if the medical records presented to him do not give him sufficient medical evidence to determine whether the claimant is disabled. Defendant states that the ALJ noted that plaintiff had already undergone psychiatric examination, the results of which were in the record. Defendant cited to two different consultations from July 9, 2004 and July 19, 2005. However, both of these were brief consultations and were not complete psychiatric examinations. The first consult was while plaintiff was in the hospital and was done because plaintiff was noncompliant with his medications, to rule out depression and inappropriate behavior. The second consult, done a year later was also very limited and was for depression and questionable visual hallucination. However, neither consultation involved the administration of any psychological tests or in depth psychiatric examinations.

In Dozier v. Heckler, 754 F.2d 274 (8th Cir. 1985), the court stated: "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Id. at 276 (quoting Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984)). In Haley v. Massanari, 258 F.3d 742 (8th Cir. 2001), the Court found that the ALJ did not err in failing to send the

3

claimant for a consultative examination. However, in that case, there were several reports from treating physicians, consulting physicians and psychologists covering a six year period. In the instant case, the ALJ called a medical expert, Dr. Karsh to review and testify regarding the plaintiff's medical issues. Dr. Karsh testified that plaintiff's complaints might best be explained as somatoform disorders. However, he stated that was a psychiatric diagnosis on which he did not feel competent to rule on. Because this was an issue which was raised by the medical expert, and because there was very little other mental health evidence in the record for the ALJ to rely upon, he should have requested a psychiatric consultation in order to determine whether the plaintiff suffered from this condition and if so what affect it had on his residual functional capacity. In Hildebrand v. Barnhart, 302 F.3d 836 (8th Cir. 2002), the Court stated, "[w]here the ALJ fails to fully develop the record, this court may remand for the taking of further evidence." Id. at 838 citing Payton v. Shalala, 25 F.3d 684, 686 (8th Cir. 1994). In the instant case, the Court finds that the ALJ did not fully develop the administrative record because he did not request a psychiatric consultation.

Plaintiff also argues that the ALJ did not adequately consider the combined effect of plaintiff's impairments and that the Vocational Expert's testimony was not supported by substantial evidence on the record. However, the Court need not address these issues as the case will be reversed and remanded to the Commissioner for a new hearing.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 7) and the decision of the

4

Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).


Date: 8/27/07                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                            Chief United States District Judge